LATOURETTE et al. v. LATOURETTE et al.

(Supreme Court, Appellate Division, Second Department. January 11, 1898.)

PARTITION—SALE—DEFAULT OF PURCHASER.

    Where, in an action for a partition, the property has been sold pursuant to the interlocutory judgment, and the sheriff has made and filed his report, but the purchaser has failed to make the initial payment as required by the terms of sale, and the property has not been resold, the proper practice is to confirm the referee's report, enter the judgment, and make tender of the deed to the purchaser.

Appeal from special term, Kings county.

Action by James W. Latourette and Abigail La Forge against Susan A. Latourette and others. From an order denying defendant Susan A. Latourette's motion for confirmation of the report of sale, and entry of final judgment in partition, she appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Herbert Heinsheimer (Francis E. Parker, on the brief), for appellant.

E. H. Benn (Walter T. Elliott, on the brief), for respondents.

HATCH, J. The purpose of this action was to partition certain premises, in which Susan A. Latourette has a dower interest. The action has proceeded to the entry of an interlocutory judgment directing a sale of the premises. In pursuance of the judgment a sale was had under the direction of the sheriff, and the sheriff has made and filed his report of sale. It appears from this report that one J. W. Burbank was the purchaser of three parcels of the land; that the aggregate amount of his bid therefor was $17,150.00; that Burbank has subscribed to the written terms of sale, but failed to pay 10 per cent. of the purchase price, as required thereby, at the time the premises were struck off to him. Compliance with the terms of sale has been extended by the sheriff, with the consent of the purchaser, until the 23d day of April, 1897, since which time nothing has been done. By this motion a confirmation of the report of sale is asked, and, this being had, for the entry of final judgment thereon. We see no reason why the relief sought should not be granted. The fact that the purchaser did not pay the 10 per cent. required by the terms of sale, upon the acceptance of his bid, furnishes no reason why he should be released therefrom. The failure to pay this sum authorized the sheriff to again offer the premises for sale, and doubtless rendered the purchaser liable for any loss that might be sustained by reason of his failure to comply with the terms of his bid. But the purchaser is not discharged from the obligation to take and pay for the premises by such failure upon his part. Section 1576 of the Code of Civil Procedure provides that immediately after completing the sale the officer making the same shall file his report with the clerk. Section 1577 provides, "If the sale is confirmed by the court, a final judgment must be entered, confirming it accordingly; directing the officer making it to execute the proper conveyances," etc. It is clear from this provision that the proper practice is to confirm the report, enter the judgment, and make tender of the deed to the purchaser. A resale of the premises not being had upon failure to pay the required 10 per cent., such step is quite proper, in order to compel the purchaser to complete his purchase, or, by tender of the deed, place him in default if he refuses. It is not clear that any other course would be effectual in order to afford relief against the purchaser. He may come in now and complete the purchase, by payment, and take the tendered deed. While he is in default by not making the preliminary payment, he is not cut off from a right to complete the purchase, so long as no resale has been had. What is his right to do is also the right of the parties to have done, and, as he was not put in default by a resale, he ought to be by tender of a deed, and a demand upon him to complete the purchase. There is no authority to make tender of the deed until the confirmation of the report of sale and the entry of judgment. The sheriff has no authority to negotiate with the purchaser, or to extend his time in which to pay the purchase price or any part of it, or to otherwise deal with him, until after

the entry of final judgment. It may be that the court, upon motion, might direct the purchaser to pay the 10 per cent., and order a re-sale if he refused compliance. But there would be no power in the court, upon such motion, to make the purchaser do more. He can only be placed in entire default by the confirmation of the report, the entry of judgment, and the tender of the deed. If he then refuses to complete the purchase, the party has lost none of his remedy, and the court none of its power to compel him to that end. This case presents the anomaly of a party, entitled to have the purchaser complete his purchase, resisted in her right to a lawful remedy by a party also interested in arriving at the same result, while the purchaser himself is not heard, makes no application, and does not ask to be relieved. It is clear that the moving party is entitled to have the security of the purchaser for the amount of the purchase price, whether such security be great or small, and she should not be compelled to release her right in this regard by anything short of the purchaser's fulfillment, or his complete default; and this requires the confirmation of the report of sale, the entry of the judgment, and the subsequent steps thereunder.

The order should be reversed, with $10 costs and disbursements, and the motion should be granted. All concur.

